IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STATE OF MISSISSIPPI ex. rel. JIM HOOD,
Attorney General for the State of Mississippi                                         PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:15cv374-HTW-LRA

STATE FARM FIRE AND CASUALTY COMPANY                                   DEFENDANT

### STATE FARM FIRE AND CASUALTY COMPANY'S
### FIRST AMENDED ANSWER AND DEFENSES

STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") pursuant to Fed. R.

Civ. P. 15(a)(1)(A) and other law, submits this First Amended Answer and Defenses to the

Complaint.  State Farm states as follows:

### FIRST DEFENSE

The Complaint as a whole, and each of its Counts, fails to state a claim against State

Farm upon which relief may be granted.

### SECOND DEFENSE

Venue is improper in Hinds County Circuit Court.

### THIRD DEFENSE

All claims in the Complaint are precluded and/or barred by the principles of res judicata

and/or collateral estoppel, and/or the prohibitions on claim-splitting based on the following prior

pleadings, orders and/or judgments to which the Attorney General and the State of Mississippi is

a party:

> (a)     The Complaint in *Jim Hood, Attorney General for the State of Mississippi,*
>
> *ex rel. The State of Mississippi v. Mississippi Farm Bureau Insurance, et*
>
> *al.*, Chancery Court of Hinds County, First Judicial District, No. G-2005-
>
> 1642-0/3 (subsequently transferred to the Chancery Court of Rankin

County, No. 07- 1114) ("*Hood I*"), a true and correct copy of which is attached hereto as Exhibit A.

(b)     The January 23, 2007 settlement agreement between the Attorney General and State Farm in *Hood I* ("*Hood I* Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit B.

(c)     The January 23, 2007 Judgment of Dismissal with Prejudice as to Defendant State Farm in *Hood I*, wherein the Attorney General's claims in *Hood I* were dismissed with prejudice. A true and correct copy of the Judgment of Dismissal with Prejudice is attached hereto as Exhibit C.

(d)     The January 23, 2007 Agreement between the Attorney General and State Farm, wherein the criminal investigation of State Farm was concluded with no action being taken against the company, its agents or associates, a true and correct copy of which is attached hereto as Exhibit D.

(e)     The Complaint in *Jim Hood, Attorney General for the State of Mississippi, ex rel. The State of Mississippi v. State Farm Fire and Casualty Company*, Hinds County Circuit Court, First Judicial District; No. 251-07-565CIV (June 11, 2007) ("*Hood II*"), a true and correct copy of which is attached hereto as Exhibit E.

(f)     The August 6, 2008 Settlement Agreement between the Attorney General and State Farm in *Hood II* ("*Hood II* Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit F.

(g)     The August 6, 2008 Agreed Final Order of Dismissal of Complaint and Counterclaim with Prejudice in *Hood II*, a true and correct copy of which is attached hereto as Exhibit G.

(h)     The February 7, 2008 Judgment of Dismissal in *State Farm Fire and Casualty Company, et al. v. Jim Hood in his official capacity as Attorney General of the State of Mississippi*, U.S. District Court for the Southern District of Mississippi, No. 2:07cv188-DCB-MTP ("*State Farm v. Hood*"). A true and correct copy of the *State Farm v. Hood* Judgment of Dismissal is attached hereto as Exhibit H.

(i)     The settlement agreement (in the form of a transcript of an oral statement of settlement terms) in *State Farm v. Hood* ("*State Farm v. Hood* Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit I.

(j)     The April 3, 2007 letter agreement between State Farm and the Mississippi Insurance Department (the "MID Letter Agreement"), a true and correct copy of which is attached hereto as Exhibit J.

(k)     The October 17, 2008 final Order entered by the Commissioner of the Mississippi Insurance Department as part of the Special Target Examination of State Farm, Cause No. 08-5827, a true and correct copy of which is attached hereto as Exhibit K.

**FOURTH DEFENSE**

All claims in the Complaint are precluded and/or barred under the Full Faith and Credit Clause of the United States Constitution.

**FIFTH DEFENSE**

All or some of the claims in the Complaint are barred by general contract principles, including without limitation, release, settlement and accord and satisfaction, as a result of the parties' agreements in the *Hood I* Settlement Agreement, *Hood II* Settlement Agreement, the *State Farm v. Hood* Settlement Agreement, and the MID Letter Agreement. Exhibits B, F, I, & J.

**SIXTH DEFENSE**

Because the *Hood I* Settlement Agreement (Exhibit B) is a valid, legally binding, and enforceable contract for which State Farm provided valuable consideration, the Attorney General's Complaint constitutes a breach of that contract and should be dismissed.

**SEVENTH DEFENSE**

Because the *Hood II* Settlement Agreement (Exhibit F) is a valid, legally binding, and enforceable contract for which State Farm provided valuable consideration, the Attorney General's Complaint constitutes a breach of that contract and should be dismissed.

**EIGHTH DEFENSE**

All direct claims in the Complaint are barred by the Remoteness Doctrine.

**NINTH DEFENSE**

All claims in the Complaint are barred by the Free Public Services Doctrine, as there is no statutory authority which entitles the Attorney General to the recovery he seeks.

**TENTH DEFENSE**

All or some of the claims in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, Section 15-1-49 of the Mississippi Code and 42 U.S.C. § 4072.

**ELEVENTH DEFENSE**

The Complaint does not state a claim upon which relief can be granted because it seeks damages (for which State Farm is not liable) as to which neither the amount of damage nor the identity of persons entitled to receive them can be reasonably determined. *See* Fed. R. Civ. P. 12(e) and Miss. R. Civ. P. 12(e). Specifically, the amount of any such damages cannot be determined except by speculation, conjecture and guesswork. *See* U.S. Const. amends. V & XIV, § 1; Miss. Const. § 14.

**TWELFTH DEFENSE**

The conduct of others, including the Attorney General, the Mississippi Development Authority ("MDA"), and their counsel, was the proximate cause of any loss suffered by the State of Mississippi or its citizens related to the distribution of grants pursuant to the MDA's Homeowner Assistance Program ("HAP"). State Farm's conduct was not the proximate cause of any such loss.

**THIRTEENTH DEFENSE**

The Attorney General has failed to join all real parties in interest and/or all indispensable parties, including, but not limited to, all policyholders to whose claims the Attorney General alleges to be subrogated. *See, e.g.*, Fed. R. Civ. P. 19 and Miss. R. Civ. P. 19.

**FOURTEENTH DEFENSE**

All or some of the claims in the Complaint (and absent, but indispensable parties) have been misjoined. This Action should therefore be severed or dismissed due to misjoinder of both claims and parties. *See* Fed. R. Civ. P. 20 & 21 and Miss. R. Civ. P. 20 & 21. The misjoinder of claims is so severe and inappropriate that it rises to a level which will deny State Farm certain state and federal constitutional protections, including the right to due process and a fair trial. *See* U.S. Const. amends. V & XIV, § 1; Miss. Const. § 14.

## FIFTEENTH DEFENSE

The Attorney General lacks standing to recover for the injuries alleged in the Complaint.

## SIXTEENTH DEFENSE

The Attorney General lacks authority to bring this Action on behalf of the State of Mississippi or its citizens.

## SEVENTEENTH DEFENSE

The Attorney General lacks authority to bring this Action on behalf of the MDA.

## EIGHTEENTH DEFENSE

All or some of the subrogation claims alleged in the Complaint are barred under the "made whole" doctrine.

## NINETEENTH DEFENSE

All or some of the claims in the Complaint are barred by lack of reliance, including without limitation a lack of reliance as a result of MDA and/or HAP rules or regulations concerning subrogation agreements.

## TWENTIETH DEFENSE

The Attorney General cannot recover any HAP grant amounts made to persons not eligible for such grants, made in excess of the amounts for which grant recipients were eligible, or that were awarded otherwise not in compliance with the rules and regulations applicable to HAP.

## TWENTY-FIRST DEFENSE

The Attorney General has no authority, under the doctrine of *parens patriae*, subrogation, or any other legal theory, to act for the State Farm policyholders for whom he purports to assert claims.

## TWENTY-SECOND DEFENSE

The Attorney General has no power, right or privilege under the authority of any law to change the terms of the *Hood I* Settlement Agreement, the *Hood II* Settlement Agreement, the *State Farm v. Hood* Settlement Agreement, the MID Letter Agreement, or the policies of insurance between State Farm and its policyholders. Exhibits B, F, I, & J.

## TWENTY-THIRD DEFENSE

Pursuant to agreement with the State of Mississippi, State Farm settled numerous Hurricane Katrina claims with policyholders in Hancock, Harrison and Jackson Counties where the settlement amounts were not allocated among various claims made by those policyholders (e.g., damage to structure, damage to or loss of contents, additional living expense, bad faith breach of contract, etc.), and, also pursuant to agreement with the Attorney General, no claims so settled, and no amounts so paid to policyholders, were reduced by HAP grants, and such settlement proceeds were not calculated in HAP grant amounts. Because the Attorney General agreed to those settlement procedures, the Attorney General is precluded from recovering HAP grants made to any such State Farm policyholders. Without limiting the generality of the foregoing, by issuing HAP Program 1 Technical Modification Number 5 with full knowledge of State Farm's performance of the *Hood I* Settlement Agreement and the MID Letter Agreement, Exhibits B & J, the State of Mississippi knowingly forfeited and waived any right to a subrogated recovery of grants to HAP recipients whose claims against State Farm were so settled.

## TWENTY-FOURTH DEFENSE

All or some of the claims in the Complaint are barred because State Farm complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

## TWENTY-FIFTH DEFENSE

All or some of the claims in the Complaint are barred by the doctrines of exclusive or primary jurisdiction, including, but not limited to, the jurisdiction of the Mississippi Insurance Department.

## TWENTY-SIXTH DEFENSE

The Attorney General has suffered no damage for which State Farm has any legal responsibility.

## TWENTY-SEVENTH DEFENSE

The Attorney General has failed to attach copies of the subrogation agreements pursuant to which he alleges contractual subrogation.  *See, e.g.*, Miss. R. Civ. P. 10(d).

## TWENTY-EIGHTH DEFENSE

The Attorney General's claims for punitive damages are unconstitutional insofar as they violate the due process clause of the Fourteenth Amendment of the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Mississippi, including, without limitation, Article 3, Sections 14, 17, and 28.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it:  (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct would result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not

proximately cause harm, to the Attorney General and/or State of Mississippi; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to the Attorney General and/or the State of Mississippi, and to the amount of compensatory damages, if any; (5) unconstitutionally may permit a jury to award punitive damages for harm to nonparties; (6) unconstitutionally may permit jury consideration of net worth or other financial information relating to State Farm; (7) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (8) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (9) otherwise fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip,* 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.,* 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore,* 517 U.S. 599 (1996); *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003); and *Philip Morris USA v. Williams,* 549 U.S. 346 (2007).

### TWENTY-NINTH DEFENSE

State Farm claims the benefits and protections of Mississippi Code § 11-1-65, which addresses punitive damages under Mississippi law.

### THIRTIETH DEFENSE

The Attorney General's claims in this case violate Article 1, Section 10, Clause 1 of the United States Constitution and Article 3, Section 16 of the Mississippi Constitution of 1890, which protect against laws impairing contracts that State Farm has entered into with its policyholders as well as contractual agreements that State Farm has entered into with the Attorney General and the Mississippi Insurance Department.

## THIRTY-FIRST DEFENSE

The Attorney General's claims violate State Farm's protections under the United States Constitution and the Mississippi Constitution of 1890, including without limitation State Farm's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution of 1890.

## THIRTY-SECOND DEFENSE

Article 4, Section 104 of the Mississippi Constitution of 1890 and Section 15-1-51 of the Mississippi Code violate, both facially and as applied, State Farm's protections under the United States Constitution, including without limitation State Farm's right to due process and equal protection.

## THIRTY-THIRD DEFENSE

All or some of the claims in the Complaint are preempted or field preempted by federal law, including without limitation the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, and regulations promulgated thereunder.

## THIRTY-FOURTH DEFENSE

All or some of the claims in the Complaint have been released and/or barred by arbitration and award.

## THIRTY-FIFTH DEFENSE

All or some of the claims in the Complaint are barred by the failure of conditions precedent.

## THIRTY-SIXTH DEFENSE

All or some of the claims in the Complaint are barred by the doctrines of illegality and/or intervening or superseding cause.

## THIRTY-SEVENTH DEFENSE

All or some of the claims in the Complaint are barred by the doctrine of *in pari delicto*.

## THIRTY-EIGHTH DEFENSE

All or some of the claims in the Complaint may be barred by the doctrine of *ex dolo malo non oritur actio*.

## THIRTY-NINTH DEFENSE

All or some of the claims in the Complaint are barred because the Attorney General and/or the subrogated policyholders may have engaged in unprivileged or unlawful acts.

## FORTIETH DEFENSE

All or some of the claims in the Complaint are barred by lack of duty.

## FORTY-FIRST DEFENSE

All or some of the claims in the Complaint are barred by lack of privity.

## FORTY-SECOND DEFENSE

The Attorney General has failed to demonstrate any basis for equitable relief.

## FORTY-THIRD DEFENSE

All or some of the claims in the Complaint are barred by the doctrine of laches and/or unclean hands.

## FORTY-FOURTH DEFENSE

The Attorney General and policyholders whose claims have allegedly been subrogated failed to mitigate damages.

## FORTY-FIFTH DEFENSE

Any damages otherwise recoverable from State Farm should be diminished or barred by the culpable conduct and/or contributory or comparative negligence of others, including the

Attorney General, the MDA, the State of Mississippi, and the policyholders whose claims have allegedly been subrogated.

## FORTY-SIXTH DEFENSE

The fee arrangement under which the Attorney General's Action is brought is illegal pursuant to 31 U.S.C. § 6503 and other federal laws. Furthermore, 31 U.S.C. § 6503 bars all or some of the Attorney General's claims.

## FORTY-SEVENTH DEFENSE

The Complaint should be dismissed because its averments do not meet the specificity requirements of Fed. R. Civ. P. 8, 9(b) & 9(f) and Miss. R. Civ. P. 8, 9(b) & 9(f).

## FORTY-EIGHTH DEFENSE

All or some of the claims in the Complaint are barred by the applicable provisions of the contracts, policies, and/or agreements at issue in this litigation.

## FORTY-NINTH DEFENSE

All or some of the claims in the Complaint may be barred by the doctrines of estoppel, merger, waiver or discharge.

## FIFTIETH DEFENSE

The Attorney General has not specifically stated his special damages, if any, as required by Fed. R. Civ. P. 9(g) and Miss. R. Civ. P. 9(g). Accordingly, he is barred from recovering any such damages.

## FIFTY-FIRST DEFENSE

All or some of the claims in the Complaint are barred because the alleged injuries and damages, if any, were caused by persons and entities for which State Farm is not responsible.

## FIFTY-SECOND DEFENSE

All or some of the claims in the Complaint are barred by contamination through champerty and maintenance.

## FIFTY-THIRD DEFENSE

All or some of the claims in the Complaint may be barred by the doctrines of sovereign compulsion and/or approval.

## FIFTY-FOURTH DEFENSE

State Farm pleads recoupment and/or set-off.

## FIFTY-FIFTH DEFENSE

All or some of the claims in the Complaint are barred by the Government Knowledge Defense.

## FIFTY-SIXTH DEFENSE

The Attorney General is a nominal party and is not the real party in interest. *See, e.g.*, Fed. R. Civ. P. 17 and Miss. R. Civ. P. 17. State Farm objects to the Attorney General's failure to prosecute this action in the names of the real parties in interest. Moreover, State Farm objects to the Attorney General's failure to join the subrogors as plaintiffs in this Action.

## FIFTY-SEVENTH DEFENSE

The Attorney General's Action is an unlawful attempt to assert a quasi-class action, in violation of Mississippi law.

## FIFTY-EIGHTH DEFENSE

The Attorney General's Action is barred by *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493 (Miss. 2004), *Janssen Pharmaceutica v. Armond*, 866 So. 2d 1092 (Miss. 2004), *Dillard's Inc. v. Scott*, 908 So. 2d 93 (Miss. 2005), *Ill. Cent. R.R. v. Gregory*, 912 So. 2d 829

(Miss. 2005), *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205 (Miss. 2005), *MS Life Ins. Co. v. Baker*, 905 So. 2d 1179 (Miss. 2005), *Purdue Pharma, L.P. v. Estate of Heffner*, 904 So. 2d 100 (Miss. 2004), *Culbert v. Johnson & Johnson*, 883 So. 2d 550 (Miss. 2004), *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31 (Miss. 2004) and *Canadian Nat'l/Illinois Cent. RR. Co. v. Smith*, 926 So. 2d 839 (Miss. 2006).

## FIFTY-NINTH DEFENSE

With respect to the Attorney General's putative subrogation claims, the Attorney General stands in the shoes of the allegedly subrogated policyholders and is thus subject to all claims and defenses against such policyholders.

## SIXTIETH DEFENSE

All or some of the claims in the Complaint are barred by the "Concealment or Fraud" provision in the underlying homeowner policies.

## SIXTY-FIRST DEFENSE

All or some of the claims in the Complaint are barred by the "Suit Against Us" provision in the underlying homeowner policies.

## SIXTY-SECOND DEFENSE

All or some of the claims in the Complaint are barred by the "Insurable Interest and Limit of Liability" provision in the underlying homeowner policies.

## SIXTY-THIRD DEFENSE

All or some of the claims in the Complaint are barred by failure to comply with the "Your Duties After Loss" provision in the underlying homeowner policies.

## SIXTY-FOURTH DEFENSE

All or some of the claims in the Complaint are barred by the doctrine of equitable estoppel.

## SIXTY-FIFTH DEFENSE

All of the claims in the Complaint are barred as any right of recovery for misallocation of HAP funds through grants given to homeowners is pre-empted by the HUD program and its implementing regulations under the Supremacy clause and congressional authorization and appropriation which do not provide a cause of action for the recovery of misallocated HAP funds.

## SIXTY-SIXTH DEFENSE

All of the claims in the Complaint are barred because the HUD-HAP program: (a) does not empower the State of Mississippi to sue third parties for alleged damages to or losses by HAP; and (b) does not authorize any state law causes of action for alleged damages to or losses by HAP.

## SIXTY-SEVENTH DEFENSE

All or some of the claims in the Complaint are barred because the Attorney General cannot recover any HAP grant amounts that the State provided to homeowners voluntarily, as such funds are non-recoverable under the Volunteer Doctrine.

## SIXTY-EIGHTH DEFENSE

In determining what damages, if any, that Plaintiff is entitled to recover in this Action as subrogee of any homeowner, State Farm is entitled to a credit for any Federal Stafford Act Section 408 payments received by any individual homeowners for home repairs or other housing assistance under 42 U.S.C. § 5174 and any other payments provided to the homeowner by any

state or federal agency as a result of any Hurricane Katrina-related damages in addition to any insurance proceeds previously paid by State Farm under the policy.

## SIXTY-NINTH DEFENSE

State Farm reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

## SEVENTIETH DEFENSE

Federal statutes, federal regulations and federal common law govern all claims related to State Farm's adjustment and handling of National Flood Insurance Policy flood claims.

## SEVENTY-FIRST DEFENSE

All or some of the claims in the Complaint are barred due to judgments or settlement agreements between State Farm and its policyholders.

## SEVENTY-SECOND DEFENSE - ANSWER

For its answer to the averments of the Complaint, paragraph by paragraph, State Farm states as follows:

### General Statement

No response is required to the Complaint's headings and subheadings. In the alternative, to the extent such a response is required, those averments are denied.

### NATURE OF THE ACTION

1.      To the extent that paragraph 1 contains any averments of fact requiring a response from State Farm, State Farm admits that Hurricane Katrina struck the Gulf Coast more than nine years ago and caused horrific damage, some of which can still be seen to this day. State Farm denies the rest of the averments contained in paragraph 1.

2.      State Farm admits that it is the country's largest property and casualty insurer and that at the time of Hurricane Katrina, it had issued homeowner policies to the largest number of

insured homes in Mississippi. State Farm denies the rest of the averments contained in paragraph 2.

3.     State admits that a jury rendered a verdict against State Farm in *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.,* No. 1:06-cv-433-HSO-RHW (S.D. MS 2014), currently on appeal to the United States Court of Appeals for the Fifth Circuit, No. 14-60160, but denies the rest of the averments contained in paragraph 3.

4.     State Farm admits that its agents collected premiums on homeowner policies for its customers – the policies speak for themselves as to what they cover. State Farm also admits that as a Write-Your-Own carrier under the NFIP, it adjusted flood insurance claims following Hurricane Katrina. State Farm denies the remaining averments contained in paragraph 4.

5.     State Farm admits that it was legally obligated to properly pay claims to the extent the claims were covered by its insurance policies and all conditions precedent to payment were met. State Farm denies the remaining averments contained in paragraph 5.

6.     State Farm denies the averments contained in paragraph 6.

7.     State Farm denies the averments contained in paragraph 7, including sub-paragraphs a – k.

8.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 8 related to the numbers of policyholders who received HAP grants, which policyholders received HAP grants, and in what amounts. State Farm denies the remaining averments contained in paragraph 8.

9.     State Farm denies the averments contained in paragraph 9.

10.     To the extent that paragraph 10 contains a legal conclusion, a response is not required and, to the extent paragraph 10 contains any averments of fact requiring a response from State Farm, State Farm denies the averments contained in paragraph 10.

## PARTIES

11.     State Farm admits that Jim Hood is the present Attorney General for the state of Mississippi.  State Farm denies the remaining averments contained in paragraph 11.

12.     State Farm admits it is a corporation organized under the laws of the State of Illinois, with its corporate headquarters and principal place of business located at One State Farm Plaza, Bloomington, Illinois but denies the rest of the averments contained in paragraph 12.

## JURISDICTION

13.     State Farm denies the averments contained in paragraph 13.

14.     State Farm admits it is required to appoint the Mississippi Commissioner of Insurance as its agent for service of process and that it has designated John Langcuster as its agent for service of process.  State Farm admits that it issues contracts for insurance covering property located in Mississippi.  State Farm denies the rest of the averments contained in paragraph 14.

## VENUE

15.     State Farm admits that its principal place of business is not located in Mississippi and denies the rest of the averments contained in paragraph 15.

## FACTUAL BACKGROUND

### I.     The Damage of Hurricane Katrina

16.     State Farm admits the averments contained in paragraph 16.

17.     State Farm admits that Hurricane Katrina caused damage both by wind and storm surge, or flood, to some homes along Mississippi's Gulf Coast and farther inland.  State Farm

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 17 to the extent they lack identification of properties or homes and to the extent State Farm had no involvement in the adjustment of claims related to any given home. State Farm denies the rest of the averments contained in paragraph 17.

18.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18, but admits that Hurricane Katrina caused billions of dollars in property damage in Mississippi.

**II.     The Mississippi Homeowner Assistance Program**

19.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 19.

20.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 20.

21.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 21.

**A.     The "Insurance Gap"**

22.     State Farm admits that Hurricane Katrina caused damage both by wind and storm surge, or flood. State Farm denies the rest of the averments contained in paragraph 22.

23.     State Farm admits that Mississippians had different forms of insurance available to protect against these perils such as homeowner insurance provided by private insurance companies like State Farm, flood insurance provided by the federal government through the NFIP, and wind coverage provided by the Mississippi Windstorm Underwriting Association.

24.     State Farm admits that its homeowner policy may cover wind damage, but excludes damage by flood. State Farm admits that Mississippians can purchase separate flood policies provided by the federal government to cover damage caused by flood. State Farm lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 24.

25.     State Farm denies the averments of the first sentence of paragraph 25 as stated, but admits that, as of August 29, 2005, FEMA, through the National Flood Insurance Program ("NFIP"), a federal government agency, underwrote most residential flood insurance policies issued in the United States.  State Farm denies the averments contained in the second sentence of paragraph 25 as stated, but admits that the federal government provides coverage for flood, WYO carriers adjust and pay flood claims on the government's behalf, and agents of the WYO carriers collect premiums.  State Farm lacks knowledge or information sufficient to form a belief as to the truth of any factual averments in the final sentence of paragraph 25.

26.     State Farm admits that it participated in the NFIP as a WYO carrier at the time of Hurricane Katrina.

27.     State Farm denies the averments contained in paragraph 27 as stated, but admits that FEMA designates flood zones.  State Farm notes that FEMA designations and definitions are embodied in documents that speak for themselves.

28.     State Farm denies the averments contained in paragraph 28 as stated, but admits that mortgage lenders typically require homeowners living within certain flood hazard zones to purchase flood insurance.

29.     State Farm admits that it adjusted flood claims outside the flood zones following Hurricane Katrina but denies it "adjusted many of those homeowners' claims to reflect substantial flood damage" as that averment is understood.  State Farm lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 29.

30.     State farm denies the averments contained in paragraph 30.

31.     State Farm admits that homeowners who did not have flood insurance, but who suffered flood damage from Hurricane Katrina, would have losses that were not compensated by property damage insurance.  State Farm denies the rest of the averments contained in paragraph 31.

## B.     The Three Phases of HAP Payments

32.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 32, which make general allegations concerning HAP grants made to homeowners.  State Farm believes that the criteria and procedures for the program are set out in documents that speak for themselves.  State Farm denies the averments contained in paragraph 32 to the extent they are inconsistent with those documents.

33.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 33, which make general allegations concerning HAP grants made to homeowners.  State Farm believes that the criteria and procedures for the program are set out in documents that speak for themselves.  State Farm denies the averments contained in paragraph 33 to the extent they are inconsistent with those documents.

34.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 34, which make general allegations concerning HAP grants made to homeowners.  State Farm believes that the criteria and procedures for the program are set out in documents that speak for themselves.  State Farm denies the averments contained in paragraph 34 to the extent they are inconsistent with those documents.

35.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 35, which make general allegations concerning HAP grants made to homeowners.  State Farm believes that the criteria and procedures for the

program are set out in documents that speak for themselves. State Farm denies the averments contained in paragraph 35 to the extent they are inconsistent with those documents.

### C. Calculation of HAP Homeowner Grants to Avoid Duplicate Benefits

36. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 36, which make general allegations as to what MDA did to calculate HAP grant compensation. State Farm believes that the criteria and procedures for the program are set out in documents that speak for themselves. State Farm denies the averments contained in paragraph 36 to the extent they are inconsistent with those documents.

37. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 37, which make general allegations as to what MDA did to assess damage to homes being considered for HAP grants. State Farm believes that the criteria and procedures for the program are set out in documents that speak for themselves. State Farm denies the averments contained in paragraph 37 to the extent they are inconsistent with those documents.

38. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 38, which make general allegations as to how MDA calculated the amounts a HAP grant recipient received. State Farm believes that the criteria and procedures for the program are set out in documents that speak for themselves. State Farm denies the averments contained in paragraph 38 to the extent they are inconsistent with those documents.

39. State Farm admits that it received form letters from MDA requesting information about certain amounts paid to some policyholders. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 39

related to general statements as to how MDA ensured HAP payments did not duplicate other benefits or MDA's interaction with other insurers. State Farm believes that the criteria and procedures used for the program are set out in documents and those documents speak for themselves. State Farm denies the averments contained in paragraph 39 to the extent they are inconsistent with those documents and all remaining averments.

40. State Farm denies the averments contained in paragraph 40.

41. State Farm denies the averments contained in paragraph 41.

42. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 42.

**D.     State Farm's Active Role in HAP**

43. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 43.

44. State Farm admits that it received form letters from MDA requesting certain information regarding some policyholders, including certain amounts paid to policyholders for claims arising following Hurricane Katrina. State Farm denies all remaining averments contained in paragraph 44.

45. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 45 as to what procedures the MDA developed for exchanging data with other insurers. State Farm denies establishing a unique procedure for providing information to the MDA. State Farm admits that it utilized a File Transfer Protocol website to provide a means to securely transfer policyholder information to the MDA.

46. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 46.

47.     State Farm admits that it received form letters requesting information on some policy holders and that MDA contacted State Farm on occasion to ask questions related to that information.  State Farm denies all remaining averments contained in paragraph 47.

48.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 48 but denies any misconduct in the handling and adjustment of claims.

49.     State Farm denies the averments contained in paragraph 49.

III.     **The Relationship Between HAP and Private Insurance**

50.     State Farm admits that at the time Hurricane Katrina hit, State Farm was a private insurer that issued homeowner policies that covered wind damage in certain areas and it was a WYO insurer that participated in the NFIP, as established in 42 U.S.C. §§ 4001-4130.  State Farm admits that, as a WYO carrier, it adjusted flood insurance claims at the time of Katrina and its agents collected premiums.  State Farm admits that the Standard Flood Insurance Policy issued by the NFIP must conform to federal regulations and notes that the regulations and the policy speak for themselves.  State Farm denies the rest of the averments contained in paragraph 50.

51.     State Farm admits that generally a homeowner policy in some instances might provide coverage for the full value of a policyholder's home and that generally flood coverage under a SFIP is limited to $250,000 for the structure as detailed in 44 C.F.R § 61.6.  State Farm denies the remaining averments contained in paragraph 51.

52.     State Farm admits that in some cases it issued both a homeowner policy and a SFIP through the NFIP to policyholders.  State Farm admits that when Hurricane Katrina hit, federal regulations allowed for and FEMA mandated by initiating the Single Adjuster Program that State Farm adjust its homeowner claims and the claims of policyholders who bought a SFIP

through a State Farm agent. State Farm states that the FEMA regulations and directives speak for themselves and, to the extent the averments contained in paragraph 52 are inconsistent with the regulations and FEMA directives, State Farm denies those averments. State Farm denies the remaining averments contained in paragraph 52.

53. State Farm admits that if a policy holder had a State Farm homeowner policy that covered wind, and if State Farm determined that the home experienced a covered loss, it would adjust and pay for any benefits from State Farm funds. State Farm admits that if a policyholder had a SFIP bought from a State Farm agent through the NFIP, then it would adjust that claim and pay for any benefits with a check written from State Farm funds. State Farm denies the remaining averments contained in paragraph 53.

54. State Farm denies the averments contained in paragraph 54.

55. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 55.

56. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 56.

57. State Farm denies the averments contained in paragraph 57.

**IV.    State Farm's Improper Shifting of Liability to HAP**

58. State Farm denies the averments contained in paragraph 58.

**A.    State Farm Prejudiced Its Adjusters.**

59. State Farm admits the averments contained in the first sentence of paragraph 59. State Farm denies the averments contained in the second sentence of paragraph 59 as stated.

60. State Farm admits that Ms. King trained some claims adjusters and denies the remaining averments contained in paragraph 60.

61. State Farm denies the averments contained in paragraph 61.

62.     State Farm denies the averments contained in paragraph 62.

63.     State Farm denies the averments contained in paragraph 63.

64.     State Farm denies the averments contained in paragraph 64.

65.     State Farm admits that it purchased copies of a Hurricane Katrina Survey Damage produced by Haag Engineering and made the survey available to some members of its claims force.  State Farm admits that it provided some initial weather data to other engineering firms. State Farm denies the remaining averments contained in paragraph 65.

66.     State Farm denies the averments contained in paragraph 66.

67.     State Farm denies the averments contained in paragraph 67.

68.     State Farm admits that adjusters utilized "line-by-line" estimates prior to Hurricane Katrina in addition to other methods of settling claims just as they did following Hurricane Katrina.  State Farm denies the remaining averments contained in paragraph 68.

69.     State Farm denies the averments contained in paragraph 69.

70.     State Farm denies the averments contained in paragraph 70.

71.     State Farm admits that in some instances, following Hurricane Katrina, claims were adjusted in part based on the use of a total valuation tool, commonly referred to as "XactTotal".  This valuation program does provide a replacement cost for a home based on the square footage, build quality, and features.  State Farm denies the rest of the averments contained in paragraph 71.

72.     State Farm admits that it used XactTotal in almost every flood claim as it normally does to determine insurance to value as required by the NFIP.  State Farm denies the rest of the averments contained in paragraph 72.

73.     State Farm denies the averments contained in paragraph 73.

74.     State Farm denies the averments contained in paragraph 74.

**B.      State Farm Used Different Replacement Costs to Assess Damage for Flood and Wind.**

75.     State Farm denies the averments contained in paragraph 75.

**C.      State Farm Coerced Engineers and Engineering Firms to Conclude that Flood Was the Predominant Cause of Katrina Damage to Mississippi Homes.**

76.     State Farm admits that to its knowledge no adjuster on the Mississippi coast who adjusted claims following Hurricane Katrina for State Farm was a Licensed Professional Engineer.  State Farm denies the rest of the averments contained in paragraph 76.

77.     State Farm denies the averments contained in paragraph 77.

78.     State Farm denies the averments contained in paragraph 78.

79.     State Farm denies the averments contained in paragraph 79.

80.     State Farm denies the averments contained in paragraph 80.

**1.      State Farm Cancelled All Assignments to Dreux A. Seghers, P.E., LLC, After that Engineering Firm Submitted Reports Identifying Wind as the Primary Cause of Loss.**

81.     State Farm denies the averments contained in paragraph 81.

**2.      State Farm Coerced Forensic Analysis & Engineering Corporation to Rewrite Reports and to Declare that Flood Was the Primary Cause of Katrina Damage to Mississippi Homes.**

82.     State Farm denies the averments contained in paragraph 82.

83.     State Farm denies the averments contained in paragraph 83 as stated and notes that any document (unidentified by Plaintiff) speaks for itself.

84.     State Farm denies the averments contained in paragraph 84.

85.     State Farm denies the averments contained in paragraph 85.

86.     State Farm denies the averments contained in paragraph 86.

87.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 87 as they fail to provide specific information with respect to the unidentified "Biloxi Home" and "Waveland Home". State Farm denies the remaining averments contained in paragraph 87.

### a. State Farm Coerced Forensic to Change Its Determination of the Primary Cause of Loss to the Biloxi Home.

88.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 88 related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 88.

89.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 89 related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 89.

90.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 90 related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 90

91.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 91.

92.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 92.

93.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 93, but notes that any testimony (unidentified by Plaintiff) speaks for itself.

94.     State Farm denies the averments contained in paragraph 94.

95.     State Farm denies the averments contained in paragraph 95.

96.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 96.

97.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 97.

98.     State Farm denies the averments contained in paragraph 98 as stated and notes that any documents (unidentified by Plaintiff) speak for themselves.

99.     State Farm denies the averments contained in paragraph 99 as stated and notes that any documents (unidentified by Plaintiff) speak for themselves.

100.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home". State Farm denies the remaining averments contained in paragraph 100.

101.     State Farm admits that Jack Kelly has testified that prior to Hurricane Katrina, he had not performed a "storm damage assessment," as State Farm understands that phrase. State Farm denies the remaining averments contained in paragraph 101.

102.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home", and notes that any document (unidentified by Plaintiff) speaks for itself. State Farm denies the remaining averments contained in paragraph 102.

103. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Biloxi Home" contained in paragraph 103, and notes that any documents (unidentified by Plaintiff) speak for themselves. State Farm denies the remaining averments contained in paragraph 103.

104. State Farm denies the averments contained in paragraph 104 as stated and notes that the jury verdict speaks for itself.

**b. State Farm Coerced Forensic to Change Its Determination of the Primary Cause of Loss to the Waveland Home.**

105. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Waveland Home" contained in paragraph 105. State Farm denies the remaining averments contained in paragraph 105.

106. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Waveland Home" and "Biloxi Home". State Farm denies the remaining averments contained in paragraph in paragraph 106.

107. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Waveland Home," and notes that any documents (unidentified by Plaintiff) speak for themselves. State Farm denies the remaining averments contained in paragraph 107.

108. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Waveland Home", and notes that any documents (unidentified by Plaintiff) speak for themselves. State Farm denies the remaining averments contained in paragraph 108.

109. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Waveland Home", and notes that any

documents (unidentified by Plaintiff) speak for themselves. State Farm denies the remaining averments contained in paragraph 109.

110. State Farm denies the averments contained in paragraph 110.

**c. State Farm Coerced Forensic to Change Numerous Other Engineering Reports.**

111. State Farm denies the averments contained in paragraph 111.

112. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to another unidentified "Biloxi, Mississippi home", and notes that any documents (unidentified by Plaintiff) speak for themselves. State Farm denies the remaining averments contained in paragraph 112

113. State Farm denies the averments contained in paragraph 113.

114. State Farm denies the averments contained in paragraph 114.

115. State Farm denies the averments contained in paragraph 115.

116. State Farm denies the averments contained in paragraph 116 as stated.

117. State Farm denies the averments contained in paragraph 117.

118. State Farm denies the averments contained in paragraph 118 as stated and notes that any documents (unidentified by Plaintiff) speak for themselves.

119. State Farm denies the averments contained in paragraph 119.

120. State Farm admits that Jack Kelly has appeared as a witness in cases involving State Farm following Hurricane Katrina as a result of doing work for Forensic Analysis & Engineering Company. State Farm denies the remaining averments contained in paragraph 120.

**3. State Farm Coerced Rimkus Consulting Group, Inc., to Forge and Replace Reports.**

121. State Farm denies the averments contained in paragraph 121.

122. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Diamondhead (Rimkus) Home". State Farm denies the remaining averments contained in paragraph 122.

123. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 123.

124. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "second report". State Farm denies the remaining averments contained in paragraph 124.

125. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 125.

**4. State Farm Coerced Exponent, Inc., to Revise and Replace Reports.**

126. State Farm denies the averments contained in paragraph 126.

127. State Farm lacks knowledge or information sufficient to form a belief as to the averments related to the unidentified "Diamondhead (Exponent) Home" contained in paragraph 127. State Farm denies the remaining averments contained in paragraph 127.

128. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "home" and "report". State Farm denies the remaining averments contained in paragraph 128.

129. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "draft report". State Farm denies the remaining averments contained in paragraph 129.

130. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to a notice issued regarding an unidentified "loss". State Farm denies the remaining averments contained in paragraph 130.

131.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Diamondhead (Exponent) Home", and notes that any cited document speaks for itself.  State Farm denies the remaining averments contained in paragraph 131.

132.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "Diamondhead (Exponent) Home", and notes that any cited document speaks for itself.  State Farm denies the remaining averments contained in paragraph 132.

133.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "second Exponent report," and notes that any such report (unidentified by Plaintiff) speaks for itself.  State Farm denies the remaining averments contained in paragraph 133.

**D.     State Farm Issued a Blanket Cancellation of Mississippi Policyholder Claims for Wind Damage.**

134.     State Farm denies the averments contained in paragraph 134.

135.     State Farm denies the averments contained in paragraph 135 as stated and notes that any such document speaks for itself.

136.     State Farm denies the averments contained in paragraph 136.

137.     State Farm denies the averments contained in paragraph 137 as stated and notes that any testimony (unidentified by Plaintiff) speaks for itself.

138.     State Farm denies the averments contained in paragraph 138.

139.     State Farm denies the averments contained in paragraph 139.

**E.     State Farm Abused HAP to Subordinate Improperly Its Own Liability to Mississippi's Liability.**

140.     State Farm denies the averments contained in paragraph 140.

141.    State Farm denies the averments contained in paragraph 141.

**V.    State Farm's Scheme Caused Mississippi to Pay HAP Grants for Damage that State Farm Should Have Covered.**

142.    State Farm denies the averments contained in paragraph 142.

143.    State Farm denies the averments contained in paragraph 143.

144.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 144 as to the number of policyholders who received HAP grants, which policyholders received HAP grants and in what amounts.  State Farm denies all remaining averments contained in paragraph 144.

145.    State Farm denies the averments contained in paragraph 145.

146.    State Farm denies the averments contained in paragraph 146.

**HAP Recipient 1**

147.    State Farm lacks knowledge or information sufficient to form a belief as to the truth of averments related to the unidentified "HAP Recipient 1" contained in paragraph 147.

148.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 148 related to the unidentified "HAP Recipient 1".

149.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 149 related to the unidentified "HAP Recipient 1".  State Farm denies the remaining averments contained in paragraph 149.

150.    State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 1".   State Farm denies the remaining averments contained in paragraph 150.

**HAP Recipient 2**

151.    State Farm lacks knowledge or information sufficient to form a belief as to the truth of averments related to the unidentified "HAP Recipient 2" contained in paragraph 151.

152.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 152 related to the unidentified "HAP Recipient 2".

153.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 153 related to the unidentified "HAP Recipient 2".  State Farm denies the remaining averments contained in paragraph 153.

154.    State Farm lacks knowledge or information sufficient  information to form a belief as to the identity of "HAP Recipient 2".  State Farm denies the remaining averments contained in paragraph 154.

**HAP Recipient 3**

155.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 3" contained in paragraph 155.

156.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 156 related to the unidentified "HAP Recipient 3".

157.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 157 related to the unidentified "HAP Recipient 3".  State Farm denies the remaining averments contained in paragraph 157.

158.     State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 3".   State Farm denies the remaining averments contained in paragraph 158.

**HAP Recipient 4**

159.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of averments related to the unidentified "HAP Recipient 4" contained in paragraph 159.

160.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 160 related to the unidentified "HAP Recipient 4".

161.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 161 related to the unidentified "HAP Recipient 4".  State Farm denies the averments contained in paragraph 161.

162.     State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 4".   State Farm denies the remaining averments contained in paragraph 162.

**HAP Recipient 5**

163.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 5" contained in paragraph 163.

164.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 164 related to the unidentified "HAP Recipient 5".

165. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 165 related to the unidentified "HAP Recipient 5". State Farm denies the remaining averments contained in paragraph 165.

166. State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 5". State Farm denies the remaining averments contained in paragraph 166.

**HAP Recipient 6**

167. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 6" contained in paragraph 167.

168. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 168 related to the unidentified "HAP Recipient 6". State Farm denies the remaining averments contained in paragraph 168.

169. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 169 related to the unidentified "HAP Recipient 6". State Farm denies the remaining averments contained in paragraph 169.

170. State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 6". State Farm denies the remaining averments contained in paragraph 170.

171. State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 6". State Farm denies the remaining averments contained in paragraph 171.

**HAP Recipient 7**

172. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 7" contained in paragraph 172.

173. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 173 related to the unidentified "HAP Recipient 7".

174. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 174 related to the unidentified "HAP Recipient 7". State Farm denies the remaining averments contained in paragraph 174.

175. State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 7". State Farm denies the remaining averments contained in paragraph 175.

**HAP Recipient 8**

176. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 8" contained in paragraph 176.

177. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 177 related to the unidentified "HAP Recipient 8".

178. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 178 related to the unidentified "HAP Recipient 8". State Farm denies the remaining averments contained in paragraph 178.

179.     State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 8".  State Farm denies the remaining averments contained in paragraph 179.

**HAP Recipient 9**

180.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 9" contained in paragraph 180.

181.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 181 related to the unidentified "HAP Recipient 9".

182.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 182 related to the unidentified "HAP Recipient 9".  State Farm denies the remaining averments contained in paragraph 182.

183.     State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 9".  State Farm denies the remaining averments contained in paragraph 183.

**HAP Recipient 10**

184.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 10" contained in paragraph 184.

185.     State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 185 related to the unidentified "HAP Recipient 10".

186.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 186 related to the unidentified "HAP Recipient 10".  State Farm denies the remaining averments contained in paragraph 186.

187.    State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 10".   State Farm denies the remaining averments contained in paragraph 187.

**HAP Recipient 11**

188.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 11" contained in paragraph 188.

189.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 189 related to the unidentified "HAP Recipient 11".

190.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 190 related to the unidentified "HAP recipient 11".  State Farm denies the remaining averments contained in paragraph 190.

191.    State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 11".   State Farm denies the remaining averments contained in paragraph 191.

**HAP Recipient 12**

192.    State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments related to the unidentified "HAP Recipient 12" contained in paragraph 192.

193. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 193 related to the unidentified "HAP Recipient 12". State Farm denies the remaining averments contained in paragraph 193.

194. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 194 related to the unidentified "HAP Recipient 12". State Farm denies the remaining averments contained in paragraph 194.

195. State Farm lacks knowledge or information sufficient to form a belief as to the identity of "HAP Recipient 12". State Farm denies the remaining averments contained in paragraph 195.

## CAUSES OF ACTION

### COUNT I
### FRAUD

196. In response to the averments contained in paragraph 196, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

197. State Farm denies the averments contained in paragraph 197.

198. State Farm denies the averments contained in paragraph 198.

199. State Farm denies the averments contained in paragraph 199.

200. State Farm denies the averments contained in paragraph 200.

201. State Farm denies the averments contained in paragraph 201.

202. State Farm denies the averments contained in paragraph 202.

203. State Farm denies the averments contained in paragraph 203.

204. State Farm denies the averments contained in paragraph 204.

205. State Farm denies the averments contained in paragraph 205.

206.     State Farm denies the averments contained in paragraph 206.

## COUNT II
## NEGLIGENT MISREPRESENTATION

207.     In response to the averments contained in paragraph 207, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

208.     State Farm denies the averments contained in paragraph 208.

209.     State Farm denies the averments contained in paragraph 209.

210.     State Farm denies the averments contained in paragraph 210.

211.     State Farm denies the averments contained in paragraph 211.

212.     State Farm denies the averments contained in paragraph 212.

213.     State Farm denies the averments contained in paragraph 213.

214.     State Farm denies the averments contained in paragraph 214.

215.     State Farm denies the averments contained in paragraph 215.

## COUNT III
## NEGLIGENCE

216.     In response to the averments contained in paragraph 216, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

217.     State Farm denies the averments contained in paragraph 217.

218.     State Farm denies the averments contained in paragraph 218.

219.     State Farm denies the averments contained in paragraph 219.

220.     State Farm denies the averments contained in paragraph 220.

221.     State Farm denies the averments contained in paragraph 221.

222.     State Farm denies the averments contained in paragraph 222.

## COUNT IV
## BREACH OF CONTRACT

223. In response to the averments contained in paragraph 223, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

224. State Farm lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraph 224.

225. State Farm denies the averments contained in paragraph 225.

226. State Farm denies the averments contained in paragraph 226.

227. State Farm denies the averments contained in paragraph 227.

228. State Farm denies the averments contained in paragraph 228.

229. State Farm denies the averments contained in paragraph 229.

## COUNT V
## BAD FAITH BREACH OF CONTRACT

230. In response to the averments contained in paragraph 230, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

231. State Farm denies the averments contained in paragraph 231.

232. State Farm denies the averments contained in paragraph 232.

233. State Farm denies the averments contained in paragraph 233.

234. State Farm denies the averments contained in paragraph 234.

235. State Farm denies the averments contained in paragraph 235.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

236.     In response to the averments contained in paragraph 236, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

237.     State Farm denies the averments contained in paragraph 237.

238.     State Farm denies the averments contained in paragraph 238.

239.     State Farm denies the averments contained in paragraph 239.

240.     State Farm denies the averments contained in paragraph 240.

## COUNT VII
## UNJUST ENRICHMENT

241.     In response to the averments contained in paragraph 241, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

242.     State Farm denies the averments contained in paragraph 242.

243.     State Farm denies the averments contained in paragraph 243.

244.     State Farm denies the averments contained in paragraph 244.

245.     State Farm denies the averments contained in paragraph 245.

246.     State Farm denies the averments contained in paragraph 246.

## COUNT VIII
## COMMON LAW INDEMNITY

247.     In response to the averments contained in paragraph 247, State Farm repeats each answer to the paragraphs above as if set forth fully herein and asserts all its defenses set forth in this Answer.

248.    State Farm is without knowledge or sufficient information to know the truth of the averments contained in paragraph 248.

249.    State Farm denies the averments contained in paragraph 249.

## JURY DEMAND

250.    To the extent that paragraph 250 contains any averments of fact requiring a response from State Farm, State Farm denies that Plaintiff is entitled to a jury trial.

State Farm denies all averments of the Complaint not specifically admitted above.

## PRAYER FOR RELIEF

State Farm denies the averments following the heading "PRAYER FOR RELIEF," including the averments of the two subparagraphs numbered 1 and 2 following said heading.

WHEREFORE, State Farm prays the Complaint be dismissed with prejudice and that State Farm recover its costs in defense of this Action.

Respectfully submitted, this 9th day of June, 2015.

STATE FARM FIRE AND CASUALTY COMPANY


By:    s/ *E. Barney Robinson III* (MB # 09432)
       Robert C. Galloway (MB # 4388)
       E. Barney Robinson III (MB # 09432)
       Amanda B. Barbour (MB # 99119)

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Post Office Drawer 4248
Gulfport, MS  39502
(P) (228) 575-3019
(E) bob.galloway@butlersnow.com

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) barney.robinson@butlersnow.com
(E) amanda.barbour@butlersnow.com

<u>**CERTIFICATE OF SERVICE**</u>

I, E. Barney Robinson III, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via CM/ECF:

Benjamin Bryant
BALCH & BINGHAM LLP
Post Office Box 22587
Jackson, MS 39225

Maison Heidelberg
HEIDELBERG HARMON PLLC
795 Woodlands Parkway
Suite 220
Ridgeland, MS 39157

Mary Jo Woods
Geoffrey C. Morgan
George W. Neville
Jacqueline H. Ray
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205

COUNSEL FOR PLAINTIFF STATE OF MISSISSIPPI ex. rel. JIM HOOD, Attorney General for the State of Mississippi

THIS the 9th day of June, 2015.

By:   s/*E. Barney Robinson III* (MB # 09432)
        E. Barney Robinson III (MB # 09432)