

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT -9 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STATE OF MISSISSIPPI ex. rel. JIM HOOD,
Attorney General for the State of Mississippi                              PLAINTIFF

VS.                                                CIVIL ACTION NO. 3:15-cv-374 HTW-LRA

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

## ORDER

Before the Court is a Motion to Remand [docket no. 10] filed by the Plaintiff, State of Mississippi, ex. rel.[1] Jim Hood, Attorney General (hereinafter referred to as "Mississippi"). This suit initially was filed by Mississippi against the Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") in the First Judicial District of the Circuit Court of Hinds County, Mississippi (sometimes referred to as "state court."). State Farm removed this case from state court to this court, alleging that this court has subject matter jurisdiction pursuant to the authority of 28 U.S.C.A. §§ 1331[2] and 1441.[3]

## BACKGROUND

The devastation wreaked by Hurricane Katrina is well known. Hurricanes cause damage by wind and flood. Homeowner's insurance policies, including those issued by State Farm,

---

[1] *ex rel.* abbreviation. [Latin *ex relatione* "by or on the relation of"] (1838). On the relation or information of. A suit ex rel. is typically brought by the government upon the application of a private party (called a relator) who is interested in the matter. Black's Law Dictionary (10th ed. 2014).

[2] § 1331 Federal question
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[3] §1441 Removal of civil actions
  (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the united States for the district and division embracing the place where such action is pending.

generally cover wind damage but exclude flood damage. Many Mississippians did not carry flood insurance and suffered uncompensated losses when insurance adjusters attributed those losses to flood damage. The State of Mississippi filed this suit on April 21, 2015, alleging that State Farm systematically underpaid and wrongfully denied claims submitted by thousands of their Mississippi policyholders by mischaracterizing wind damage as flood damage. State Farm, says Mississippi, was able to minimize its liabilities by utilizing the flood exclusion in its homeowner policies. [Complaint docket no. 1-2].

Mississippi established the Homeowners Assistance Program ("HAP") after the onslaught of Hurricane Katrina to render financial aid to people of the State whose losses were not covered by insurance. Mississippi argues that by mischaracterizing wind damage as flood damage, State Farm underpaid and failed to pay for homeowners' damages. This caused Mississippi to have to pay for homeowners' damages under its HAP program that should have been paid by their insurance company.

## STANDARD OF REVIEW

28 U.S.C.A. §1441 provides for the removal of civil actions brought in state court of which the district courts have original jurisdiction. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascocosa Counties Water Improvement Dist. No.1,* 665 F.2d 594, 595 (5th Cir. 1982); thus, removal statutes are subject to strict construction. *Willy v. Coastal Corp.,* 855 F. 2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of removal and jurisdiction. *Acune v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy,* 855 F.2d at 1164).

## ANALYSIS

The Defendant State Farm claims that the Plaintiff's Complaint necessarily raises issues of federal law that give this Court federal question subject matter jurisdiction under 28 U.S.C.A. §1331, more particularly federal question subject matter jurisdiction under the National Flood Insurance Act of 1968 ("NFIA"); 42 U.S.C.A. §4001 *et seq.*[4]  State Farm argues that this lawsuit is essentially one arising under that Act.  NFIA, in summary, provides low cost flood insurance to homeowners and small businesses that may suffer losses to their property due to damage from flooding.  State Farm alleges that the State is raising claims on behalf of some of their insureds who had flood insurance under NFIA, and that all NFIA disputes are governed exclusively by federal law.  State Farm additionally contends that in reviewing homeowners' claims for wind damage, Mississippi will also have to review the flood damage issues, thereby invoking the NFIA.

Mississippi counters it is not pursuing any cause of action under NFIA, and that it only seeks damages for State Farm's underpayment of wind damage under homeowner policies. [docket] no. 11 p. 14].  Mississippi asserts eight causes of action in its Complaint: fraud; negligent misrepresentation; negligence; breach of contract; bad faith breach of contract; breach of fiduciary duty; unjust enrichment; and common law indemnity.  Mississippi, campaigning for a remand of these proceedings to state court, contends that these asserted causes of action are solely claims brought pursuant to Mississippi common or statutory law.

State Farm argues that this case presents a substantial question of federal law. A claim can arise under federal law pursuant to § 1331 in only two ways: 1) when federal law creates the

---

[4] 42 U.S.C.A. § 2001 *et seq.* The National Flood Insurance Program was instituted pursuant to this chapter to provide low cost flood insurance to homeowners and small businesses that may suffer losses through damage to real and personal property from flooding. *Hidenfelter v. Director, FEMA*, 603 F. Supp. 434 (W.D. Mich. 1985). The principal purpose in enacting the national flood insurance program was to reduce, through the implementation of adequate land use controls and the availability of subsidized flood insurance, the massive and ever increasing burden of federal flood disaster assistance. *U.S. v. Bernard Parish,* 756 F.2d 1116, (5th Cir. 1985) *cert denied* 474 U.S.1070.

3

cause of action asserted, and 2) the rare instance where the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Gunn v. Minton,* 133 S. Ct. 1059, 1065 (2013).

When a state law claim raises a stated federal issue it must be actually disputed and "substantial" to warrant federal jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005). In *Gunn v. Minton,* 133 S. Ct. 1059, 1065 (2013) and other cases since *Grable,* the courts have clarified that the burden to establish a substantial federal interest is a heavy one. Further, if a substantial question of federal law is established, it is still necessary to determine whether the federal court may consider it without disturbing any congressionally approved balance of federal and state judicial responsibilities. The issue must be capable of resolution in federal court without disrupting the federal – state balance approved by Congress. *Gunn v. Minton,* 133 S. Ct. 1059, 1065 (2013).

The case *sub judice* does not present any important federal law issue significant enough to support a finding of federal question jurisdiction. The State's claims center around adjustment of individual homeowners' insurance claims, which is a matter of state contract law.

State Farm next argues that Mississippi's claims arise under the federal statutes and regulations regarding Community Development Block Grants.[5] State Farms maintains that Mississippi's HAP program was established with the use of Community Development Block Grant funds from the federal government, somehow giving rise to federal jurisdiction. Mississippi, though, correctly point out it makes no mention of community block grants in its Complaint.

---

[5] 42 U.S.C.A. § 5301 et seq.

The federal issue relied upon by the Defendant must be apparent from the face of the Complaint. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). No clearly identified federal cause of action is evident on the face of the Complaint. "A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). "The Plaintiff is the master of its own complaint and is entitled to eschew claims based on federal law ... to have the cause heard in state court." *Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.* 535, U.S. 826, 832 (2002). (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

The Defendant's argument that Mississippi's claims are preempted by NFIA and the regulations pertaining thereto, must also fail. Complete preemption is a narrow exception and few federal statutes can meet such an exacting standard. *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive case of action for the particular claims asserted under state law." *New Orleans & Gulf Coast Ry. v. Barrois*, 533 F.3d 321, 330-31 (5th Cir. 2008); *see also Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). In the instant case, Congress did not have that intent, since it did not include as part of the NFIA, a remedy for homeowners underpaid for their wind damage. That is not the purpose of that Act.

In granting Mississippi's Motion to Remand [docket no. 10], this Court obeys certain applicable juridical pronouncements:

1) A federal court only has original or removal jurisdiction if the federal question appears on the face of plaintiff's well-pleaded complaint and there is generally no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

2) A plaintiff is the master of its own complaint and may choose to eschew a federal cause of action even if said federal cause of action is capable of embracing the issues in the plaintiff's complaint. *Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.* 535, U.S. 826, 832 (2002). (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

3) When a defendant removes on the basis of federal question and argues that the facts of the Complaint fall within the embrace of a certain act, the defendant must show that the act is referenced on the face of the complaint, or that the acts are prescriptions or preemptive of state court jurisdiction. *See Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.* 876 F.2d 1157 (5th Cir. 1989).

4) Complete preemption is a narrow exception and few statutes can meet such an exacting standard. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008); *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000).

Applying all of the above juridical principles, the court finds that none applies to create federal subject matter jurisdiction and remands this matter to state court.

## CONCLUSION

State Farm has not shown that this case implicates the need to resolve a substantial federal issue such as would give this court jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). This Court is not persuaded that Mississippi has

pled a cause of action that was created by, or raises a substantial issue regarding, federal law, or one that is preempted by federal law. State Farm, as the movant, has the burden of establishing federal jurisdiction and has not met that burden. This court grants the Motion to Remand [docket.10] but denies the award of attorney's fees, which is a discretionary call by the Court. This case is remanded to the First Judicial District of the Circuit Court of Hinds County, Mississippi.

SO ORDERED, this 9th day of October, 2016.

_Henry T. Wingate_
UNITED STATES DISTRICT JUDGE